SUTTON, Circuit Judge.
James Dean worked, among other jobs, as a laborer for Allega Concrete until the company laid him off during a reduction in force. Dean filed this lawsuit in response. He did not challenge the layoff; he claimed that his employer had failed to pay him overtime wages and a minimum wage in violation of state law and the Fair Labor Standards Act. 29 U.S.C. §§ 206-207. The district court rejected most of Dean’s claims as a matter of law. The jury granted him $117 in relief on one claim. And the court awarded him $25,422 in attorney’s fees. Allega appeals the fee award but not the damages award. Because the district court failed to explain the basis for such a large fee award in connection with such a small merits victory, we reverse the fee award.
Dean’s lawsuit claimed that Allega adopted a complex strategy to short him overtime: paying him double for half his overtime hours, not paying him at all for the other half, and thus effectively paying him a regular hourly wage for all of his overtime hours. Dean also claimed that Allega failed to pay him for time spent loading trucks each morning and returning them each night. All told, Dean sought $29,659 in back pay.
The district court found that most of Dean’s claims were without cause as a matter of law. It granted a directed verdict for Allega on three of Dean’s claims: an Ohio state-law claim, promissory estop-pel, and unjust enrichment. The jury also found that the remaining claim — the FLSA overtime claim — was largely without merit. It rejected his underlying theory but did award him $58.50 in overtime due to a bookkeeping error with respect to one day’s paycheck. The district court entered judgment for Dean on this one issue and awarded an additional $58.50 in liquidated damages under the FLSA, 29 U.S.C. § 216(b), bringing the total award to $117.
Dean moved for $36,795 in attorney’s fees based on roughly 130 hours of work and a rate of $275 an hour. See id. As to the hours worked, the district court said only that they were “neither excessive nor inefficient.” See Dean v. F.P. Allega Concrete Constr. Corp., No. 1:13-CV-962, 2014 WL 3547149, at *3 (N.D.Ohio July 16, 2014). As to the rate, the court dropped it to $190 per hour to reflect the relevant *559 market rate and the attorney’s limited experience. Id. at *2. The result: a $25,422 fee award, which is more than 217 times the size of the damages award. Allega appeals the fee award.
A few basics are in order. The district court had ample authority to grant some fees for Dean’s victory, small though it was. See 29 U.S.C. § 216(b); United Slate Workers Ass’n, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 501 (6th Cir.1984). In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This calculation “does not end the inquiry,” however. Id. at 434, 103 S.Ct. 1933. A district court also must look to “other considerations that may lead the district court to adjust the fee upward or downward” — “the most critical factor” of which “is the degree of success obtained.” Id. at 434, 436, 103 S.Ct. 1933. Last of all, we give considerable deference to the district court in reviewing the size of any award. Trial courts have a “superior understanding of the litigation,” id. at 437, 103 S.Ct. 1933, such awards are “predominately fact-driven,” Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551 (6th Cir.2008), and it does more harm than good to engage in “appellate micromanagement” of fee awards, Fox v. Vice, 563 U.S. 826, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011).
All of this creates considerable inertia in favor of upholding fee awards. But there are two problems with this award, problems that, even under the most modest level of scrutiny, we cannot overlook. First, the court failed to consider the relationship between the fee award and the level of success obtained, as Hensley requires. A court must provide “a concise but clear explanation of its reasons for the fee award.” Hensley, 461 U.S. at 437, 103 S.Ct. 1933. And “[w]hen an adjustment is requested on the basis of ... [the] limited nature of the relief obtained by the plaintiff’ — as Allega requested here — the court “should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.” Id. Nothing in the district court’s opinion, or for that matter the record below, offers any indication that the court considered the relationship between the fees awarded and the results obtained. That lack of explanation is an abuse of discretion and by itself requires vacating the award. See Drennan v. Gen. Motors Corp., 977 F.2d 246, 253 (6th Cir.1992).
Second, the court made no adjustment to the fees based on Dean’s limited — indeed near zero — success. This was a case about money, and Dean received little money. As the Supreme Court tells us, a district court must “focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.” Hensley, 461 U.S. at 435, 103 S.Ct. 1933. The relief obtained was minute: $117. The hours expended were not: 133.8. Perhaps if Dean’s suit had “vindicat[ed] ... congres-sionally identified policies and rights,” Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir.1994), the number of hours spent in this litigation would have been reasonable. But the jury rejected Dean’s entire theory of the case and granted relief due only to an exceedingly minor bookkeeping mistake — which by itself would never have triggered a lawsuit. It is a heavy lift to say that this lawsuit vindicated the broader purposes of the FLSA. ■ See United Slate, 732 F.2d at 501-02.
Dean offers three responses, but each misses the mark. Dean fears that any disturbance of the fee award would require *560 a fixed proportionality analysis that mathematically links the fee award to the damages award. But nothing of the sort is required. What is required is that the district court offer a reasoned explanation that justifies the award and accounts for Dean’s modest degree of success. Dean’s case citations hold nothing to the contrary. They uphold fee awards that are a far cry from the fee awarded here and that did consider the degree of success obtained. See, e.g., Fegley, 19 F.3d at 1135 (upholding $40,000 in fees for $7,680 recovery).
Dean adds that, because his “successful” FLSA claim was related to the three other claims, he may recover the entire cost of litigating the case. Hensley says otherwise. The lodestar method may result in “an excessive amount ... even where the plaintiffs claims were interrelated, non-frivolous, and raised in good faith.... Again, the most critical factor [in adjusting the lodestar result] is the degree of success obtained.” Hensley, 461 U.S. at 436, 103 S.Ct. 1933.
Dean submits that Allega “waived” its objections to the fee award by failing to raise them before the district court. No such waiver — in truth no such forfeiture, see United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) — occurred. Throughout its district court brief, Allega emphasized that Dean did not deserve any fees at all because he proved nothing but a clerical error. Alle-ga argued that “[t]he complete lack of evidence clearly distinguishes this case” from others awarding fully, compensatory fees. R. 31 at 3. “[A]n award of any significance,” Allega concluded, “is contrary to equity and the spirit of the statute.” Id. at 5. Allegra did not forfeit its challenge to the fee award.
For these reasons, we reverse the fee award and remand for further proceedings not inconsistent with this opinion.